FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

OCTOBER 17, 2024

*González, C.J.*
CHIEF JUSTICE

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEFEND WASHINGTON, SUSAN YOUNG, and SHARON CHEN,<br><br>Appellants,<br><br>v.<br><br>STEVE HOBBS, in his official capacity as Secretary of State for the State of Washington,<br><br>Respondent. | NO. 102996-9<br><br>EN BANC<br><br>Filed: <u>October 17, 2024</u> |

GONZÁLEZ, C.J.—The people of this state have the constitutional power to propose and enact legislation through initiative. WASH. CONST. art. II, § 1(a). To invoke this power, the proponents of an initiative must, among other things, file a petition with the secretary of state, gather a sufficient number of valid signatures of individual voters in support, and submit them to the secretary. *Id.* The secretary is obligated to determine if proponents have submitted sufficient signatures and, if they have, must certify the initiative to either the legislature or the people. *Id.* When the legislature receives that certification, it has the choice of either enacting that legislation or allowing the voters to decide the matter at the next general election. *Id.*

This case concerns five initiatives that were submitted to the 2024 legislature. The secretary reviewed the voters' signatures on each and determined that there were enough valid signatures submitted. The challengers sued, contending that the secretary's review was inadequate and the initiatives should not be certified. The trial court found the review was adequate and dismissed the challenge. We affirm.

BACKGROUND

This case concerns five initiatives: I-2081, which, among other things, gives parents the right to examine classroom materials and inspect their children's school, mental health, and counseling records, and allows parents to opt students out of certain subjects; I-2109, which would repeal the state's capital gains tax; I-2111, which would forbid state and local income taxes; I-2117, which would prohibit state agencies from imposing carbon tax credit trading and would repeal the 2021 Washington Climate Commitment Act; and I-2124, which would make participation in the state's long-term care insurance program optional.

Our legislature has given the secretary the authority to use statistical sampling techniques, adopted by rule, to determine whether a sufficient number of signatures have been submitted. RCW 29A.72.230; WAC ch. 434-379. Using statistical sampling techniques, the secretary canvassed three percent of the signatures, verified which ones matched registered voters' signatures in the voter rolls, and performed other work to determine sufficient individual valid signatures had been submitted. Consistent with those regulations, the secretary included signatures where the signers left blank the statutorily mandated space for providing current addresses.

Defend Washington, Susan Young, and Sharon Chen (Defend Washington) sought to enjoin the secretary from certifying the initiatives to the legislature under

RCW 29A.72.240. They argued that merely checking signatures against the voter rolls did not ensure that the signers were legal voters. Instead, they argue, the secretary must also check signers' addresses, on the theory that residency is a requirement to vote in Washington and to sign initiative petitions, and that there are "inactive" voters on the rolls who are believed to have moved from the addresses provided in the rolls. The secretary moved to dismiss the challenge, arguing that checking the signatures fulfilled the duty to canvass the signatures and that checking signers' addresses was not required. While that motion was pending, the secretary submitted the initiatives to the legislature, which passed I-2081 and I-2111 and left the remaining initiatives to be decided by the voters at the November 2024 general election.

After the legislative session ended, the superior court granted the secretary's motion to dismiss, orally ruling that neither the state constitution nor governing statutes require the canvassing process that appellants advocated, and that such a process would risk disenfranchising some voters from the initiative process who would be eligible to vote in the upcoming election.

Defend Washington appealed directly to this court and moved for expedited review or injunctive relief pending a decision on the merits. We granted direct, expedited review and affirmed the superior court by order with opinion to follow.[1]

ANALYSIS

Citizens have the right to challenge the secretary of state's determination that an initiative contains the required number of legal voters' signatures and to seek a writ compelling certification or an injunction preventing certification of the initiative to the

---

[1] Our order dismissing the appeal rendered moot appellants' motion for an injunction pending a decision on the merits, and thus we do not discuss that motion further.

legislature.  RCW 29A.72.240.  The challenge must be brought within five days of the determination.  *Id.* The superior court's decision is immediately reviewable by this court. *Id.*  This court will either grant the writ or injunction or dismiss the proceedings. *Id*. [2]

Defend Washington's statutory challenges are moot.  It did not move for expedited relief or seek a preliminary injunction prior to the secretary's certification of these initiatives to the legislature. The legislature passed two of the initiatives at issue—I-2081 and I-2111—making any challenge to the certification of those two initiatives moot. *See Eyman v. Wyman*, 191 Wn.2d 581, 596, 424 P.3d 1183 (2018) (quoting *State ex rel. Wash. Toll Bridge Auth. v. Yelle*, 61 Wn.2d 28, 34, 377 P.2d 466 (1962)).

Defend Washington seeks an injunction prohibiting the secretary from certifying the remaining initiatives to the county auditors for placement on the general election ballot unless they were recanvassed following appellants' proposed procedures. *See* RCW 29A.72.260 (when the legislature takes no action on an initiative petition submitted to it, the secretary must certify the initiative for the next general election). But there is no statutory basis for challenging signature validation *after* submission to the legislature.  The statutory challenge is moot as to all of the initiatives.

We do not typically review moot cases unless they present an issue of continuing and substantial public interest.  *In re Dependency of K.W.*, 199 Wn.2d 131,

---

[2] This case concerns certification only.  Initiatives are subject to the same constitutional challenges and constraints as any other statute.  *See, e.g.*, *Washington Ass'n for Substance Abuse & Violence Prevention v. State*, 174 Wn.2d 642, 278 P.3d 632 (2012). Nothing in this opinion should be taken as comment on pending or future challenges to any of these initiatives.

146 n.7, 504 P.3d 207 (2022). The secretary's proper execution of his constitutional and statutory obligation to validate signatures presents such an issue.

We conclude that Defend Washington has not shown that the secretary's procedure of validating initiative petition signatures by matching them with signatures on the voter rolls violates RCW 29A.72.230. RCW 29A.72.230 requires that the secretary verify and canvass only the *names* of legal voters on the petition. A "legal voter" is a registered voter. *Sudduth v. Chapman*, 88 Wn.2d 247, 251, 558 P.2d 806 (1977). Nothing in the statute requires the secretary to verify addresses. We will not add language to an unambiguous statute. *See, e.g.*, *Tingey v. Haisch*, 159 Wn.2d 652, 657, 152 P.3d 1020 (2007) (if a statute's meaning is plain on its face, the court will give effect to that plain meaning as an expression of legislative intent).

Defend Washington also argues that article II, section 1(a) of the state constitution requires the secretary to verify signers' addresses on the theory that only those who are currently eligible to vote at their current addresses of record at the time of signing are "legal voters." But article II, section 1 does not require any particular signature verification procedure. Whether more thorough procedures including checking of addresses should be required is a question for the legislature by statute or the secretary by rule.

## CONCLUSION

We hold that the secretary's signature verification procedure did not violate the law and the trial court did not err in dismissing Defend Washington's challenge. The superior court's judgment is affirmed.

Gonzáles, C.J.

WE CONCUR:

Johnson, J.

Yu, J.

Madsen, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.

Gordon McCloud, J.